James Bernard JONES, Jr., Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 14–11008

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 5, 2016.

James Bernard Jones, Jr., Estill, SC, pro se.

R. Brian Tanner, Edward J. Tarver, U.S. Attorney's Office, Savannah, GA, for Respondent–Appellee.

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

## ON REMAND FROM THE UNITED STATES SUPREME COURT

PER CURIAM:

This case is here following a remand from the Supreme Court for consideration in light of *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Following review of the record and the parties' supplemental briefs, we affirm the denial of Mr. Jones' motion to vacate pursuant to 28 U.S.C. § 2255.

Briefly stated, Mr. Jones cannot show prejudice from his counsel's failure to object to the BOLEO offense being counted as a qualifying conviction under the career

offender provisions of the Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1(a) & 4B1.2. As we indicated in our prior opinion, the BOLEO offense constituted a "crime of violence" under the residual clause of the career offender provisions. Because we have recently held that the vagueness principle announced in *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines, *see United States v. Matchett,* 802 F.3d 1185 (11th Cir.2015), any constitutional objection by Mr. Jones' counsel to the use of the residual clause of the career offender guideline would have failed.*

**AFFIRMED.**

**AFFIRMED.**

---

* We deny Mr. Jones' motion to expand the certificate of appealability to include a free-standing guideline error claim.